## UNITED STATES v. ORTEGA.

(District Court, S. D. California. February 20, 1895.)

1. VIOLATIONS OF CUSTOMS LAWS—CRIMINAL PUNISHMENT—SMUGGLING CIGARS IN SMALL QUANTITIES.

The provision of Rev. St. § 3082, punishing unlawful importations by fine and imprisonment, in addition to forfeiture of the goods, applies to cases of smuggling cigars in quantities less than 3,000, notwithstanding the provisions of section 3081, that goods seized, of an appraised value not exceeding $1,000, may be released on payment of such value, and of sections 2804 and 2652, that no cigars shall be imported unless packed in boxes of not more than 500 cigars in each, and that no entry of cigars shall be allowed of less than 3,000 in each package, and that regulations

shall be made for carrying into effect these provisions; as these sections apply to the revenue features of the law, and do not affect its criminal feature.

2. SAME—CONSTRUCTION OF STATUTES—REPEAL BY IMPLICATION.
Neither was the criminal feature of Rev. St. § 3082, repealed by implication by the amendment of section 2865, so as to provide for the punishment of smuggling, made by Act Feb. 27, 1877, "to perfect the revision of the statutes," which, although it struck out, amended, or otherwise changed many sections and provisions, left section 3082 unchanged; there being no such clear and positive repugnancy as to leave no doubt as to the intent of congress.

3. SAME—CUSTOMS REGULATIONS—CRIMINAL PUNISHMENTS.
The provision in article 354 of the customs regulations of 1892 that any cigars in excess of 50, and not over 1,000, in the possession of a passenger, and evidently for his bona fide personal consumption, may be delivered to him on payment of the duty, and that 50 cigars or less may be delivered to him free, has no application to the criminal features of Rev. St. § 3082, which provides a punishment for fraudulently or knowingly bringing in goods contrary to law.

4. SAME—CRIMINAL TRIALS—INSTRUCTIONS—REPEAL OF STATUTE.
Section 16 of the act of June 22, 1874 (1 Supp. Rev. St. p. 76), requiring the court to submit to the jury, as a separate and distinct proposition, the question whether the alleged acts were done with an actual intent to defraud the United States, was expressly repealed by the act of June 10, 1890 (1 Supp. Rev. St. [2d Ed.] 34, 755); and, even when in force, it was limited to proceedings "to enforce or declare the forfeiture of any goods," etc., and had no application to criminal trials.

This was an indictment against Gregorio Ortega for violation of the customs laws. Defendant, having been convicted, moves in arrest of judgment, and for a new trial.

George J. Denis, U. S. Atty.

Zach. Montgomery, for defendant.

ROSS, District Judge. The defendant in this case having, after trial upon an indictment based upon section 3082 of the Revised Statutes, been convicted, motions on his behalf are made in arrest of judgment and for a new trial.

The fourth section of the act of congress of July 18, 1866, entitled "An act further to prevent smuggling, and for other purposes" (14 Stat. 179), provided:

"That if any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any goods, wares, or merchandise contrary to law, or shall receive, conceal, buy, sell, or knowingly facilitate the transportation or sale of such goods, wares, or merchandise after their importation, knowing the same to have been imported contrary to law, such goods, wares, and merchandise shall be forfeited, and he or she shall, on conviction thereof before any court of competent jurisdiction, be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both, at the discretion of such court."

That provision of the law, with some verbal changes, was embodied in the Revised Statutes as section 3082.

In speaking of the fourth section of the act of 1866, the supreme court said in the case of U. S. v. Claflin, 97 U. S. 553, that congress "had in view, not only punishment of the offense described, but indemnity to the government for loss sustained in consequence of the criminal conduct of those guilty of the offense." That is

plain, from the language employed. See, also, Cotzhausen v. Nazro, 107 U. S. 219, 2 Sup. Ct. 503; Friedenstein v. U. S., 125 U. S. 224, 8 Sup. Ct. 838; and U. S. v. A Lot of Jewelry, 59 Fed. 684, in which latter case it was adjudged that so much of section 3082 of the Revised Statutes as declares a forfeiture of goods imported contrary to law is a subsisting statute. It is with its criminal aspect that we have to deal in the present instance. The language of the statute is very general. So far as applicable here, it reads:

"If any person shall fraudulently or knowingly import or bring into the United States * * * any merchandise contrary to law, * * * such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars, nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

It is said by counsel for the defendant that section 3082 of the Revised Statutes has no application to the smuggling into the United States of cigars in less quantities than 3,000; that it was never intended for such petty violations of the revenue laws; that those are governed by other provisions of the statutes, and by the rules and regulations prescribed by the secretary of the treasury; that this is shown in part by the preceding section (3081) of the Revised Statutes, which reads as follows:

"The collectors of the several districts of the United States, in all cases of seizure of any merchandise for violation of the revenue laws, the appraised value of which, in the district wherein such seizure shall be made, does not exceed one thousand dollars, are hereby authorized, subject to the approval of the secretary of the treasury, to release such merchandise on payment of the appraised value thereof."

Such release, in cases falling within the provisions of section 3081, would undoubtedly dispose of the forfeiture feature of section 3082. But, as has already been said, section 3082 has a double aspect; that is to say, it provides not only for the forfeiture of the smuggled merchandise, in order to secure indemnity to the government for the wrong done to it, but superadds fine or imprisonment, or both, as a vindication of public justice. U. S. v. Claflin, supra. The criminal feature of section 3082 is unaffected by the provisions of section 3081. Nor, in my opinion, is it affected by the provisions of sections 2804 or 2652 of the Revised Statutes, which provide, among other things, that no cigars shall be imported unless the same are packed in boxes of not more than 500 in each box, and that no entry of any imported cigars shall be allowed of less quantity than 3,000 in a single package, and authorizing the secretary of the treasury to make all necessary regulations for carrying those provisions of the law into effect, and making it the duty of all officers of the customs to execute and carry into effect all instructions of the secretary of the treasury relative to the execution of the revenue laws, and making his decision in respect to the true construction and meaning of any part of the revenue laws conclusive and binding upon all officers of the customs. These provisions deal

with the laws intended to secure revenue to the government, and I discover nothing in them to indicate that they were intended to limit those provisions of the statute making it a crime punishable by fine or imprisonment, or both, to knowingly import merchandise contrary to the revenue laws. The amount of costs that attend such prosecutions is not a valid argument for excluding cases from the operation of the statute which manifestly fall within it.

There is room for argument in favor of the proposition that the criminal feature of section 3082 of the Revised Statutes was repealed by the act of February 27, 1877 (19 Stat. 240), by which act section 2865 of the Revised Statutes was amended by substituting therefor the following:

"If any person shall knowingly and willfully, with intent to defraud the revenue of the United States, smuggle, or clandestinely introduce, into the United States, any goods, wares, or merchandise, subject to duty by law, and which should have been invoiced, without paying or accounting for the duty, or shall make out or pass, or attempt to pass, through the custom house any false, forged, or fraudulent invoice. every such person, his, her, or their aiders and abettors, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not exceeding five thousand dollars, or imprisoned for any term of time not exceeding two years, or both, at the discretion of the court."

But it cannot, I think, be properly so held when it is considered that the act of February 27, 1877, was an act, as its title declared, "to perfect the revision of the statutes of the United States and of the statutes relating to the District of Columbia," by which a large number of the sections and provisions of the Revised Statutes were stricken out, amended, and otherwise changed, while section 3082 was left wholly unchanged, and bearing in mind the rule declared by the supreme court in U. S. v. Sixty-Seven Packages of Dry Goods, 17 How. 93, that:

"In the interpretation of our system of revenue laws, which is very complicated and contains numerous provisions to guard against frauds by the importers, this court has not been disposed to apply with strictness the rule which repeals a prior statute by implication, where a subsequent one has made provisions upon the same subject, and differing in some respect from the former, but have been inclined to uphold both, unless the repugnancy is clear and positive, so as to leave no doubt as to the intent of congress; especially in cases where the new. law may have been auxiliary to and in aid of the old, for the purpose of more effectually guarding against the fraud."

Respecting the animadversions of counsel upon the testimony of the deputy collector in regard to the practice of the customs officers in the San Diego district permitting persons coming from Mexico into the United States to bring with them any number of cigars less than 50 free of duty, it is but fair to say that they were, doubtless, acting pursuant to article 354, p. 146, of the customs regulations of 1892, which provides, among other things, that:

"Any cigars in excess of fifty, and not over one thousand, in the possession of a passenger, and evidently for his bona fide personal consumption, may be delivered to him on payment of a fine equal to the duty. Fifty cigars or less may be delivered free of duty."

These regulations, prescribed by the secretary of the treasury, like those already referred to, have, I think, no application to that feature of the statute which makes it a crime, punishable by

fine or imprisonment, or both, to fraudulently or knowingly import or bring into the United States any merchandise contrary to law. Two hundred and seventeen cigars are as much merchandise as are as many thousand, and they are not importable into this country from a foreign country except upon the payment of the prescribed duty, and then only in quantities and in the form prescribed by the laws of the United States. To otherwise bring them into the country fraudulently or knowingly is declared by section 3082 of the Revised Statutes to be a criminal offense, and punishable accordingly. The indictment is based on that section, and is, in my opinion, sufficient under its provisions.

The motion for new trial is based upon the proposition that in this case the court did not submit to the jury, "as a distinct and separate proposition, whether the alleged acts were done with an actual intention to defraud the United States"; the contention of counsel for defendant now being, although no such request was preferred at the trial, that such a course was required by the provisions of section 16 of the act of congress of June 22, 1874, entitled "An act to amend the customs revenue laws, and to repeal moieties" (1 Supp. Rev. St. p. 76), which reads as follows:

"That in all actions, suits, and proceedings in any court of the United States now pending or hereafter commenced or prosecuted to enforce or declare the forfeiture of any goods, wares, or merchandise, or to recover the value thereof, or any other sum alleged to be forfeited by reason of any violation of the provisions of the customs-revenue laws, or any of such provisions, in which action, suit, or proceeding an issue or issues of fact shall have been joined, it shall be the duty of the court, on the trial thereof, to submit to the jury, as a distinct and separate proposition, whether the alleged acts were done with an actual intention to defraud the United States, and to require upon such proposition a special finding by such jury; or, if such issues be tried by the court without a jury, it shall be the duty of the court to pass upon and decide such proposition as a distinct and separate finding of fact; and in such cases, unless intent to defraud shall be so found, no fine, penalty, or forfeiture shall be imposed."

There are two valid answers to this proposition: The first is that section 16 of the act of June 22, 1874, was expressly repealed by the act of June 10, 1890 (1 Supp. Rev. St. [2d Ed.] pp. 34, 755). But, apart from that consideration, it is quite evident, I think, that, while section 16 of the act of 1874 was a subsisting law, it had no application to a criminal case, but in terms applied to all actions, suits, and proceedings in any court of the United States then pending or thereafter commenced or prosecuted to enforce or declare the forfeiture of any goods, wares, or merchandise, etc., by reason of any violation of the provisions of the customs revenue laws. The counsel for the defendant, in considering the word "all," immediately preceding "actions, suits," etc., fails to give proper effect to the qualifying words "to enforce or declare the forfeiture of any goods, wares, or merchandise," etc. Manifestly, a prosecution for the violation of a criminal statute is in no sense an action, suit, or proceeding to enforce or declare the forfeiture of property.

Motions denied.