## UNITED STATES v. FIVE PACKAGES OF TAPESTRY et al.

#### (District Court, D. Massachusetts. March 20, 1902.)

#### No. 1,299.

CUSTOMS DUTIES—VIOLATION OF LAWS—FORFEITURE OF GOODS BROUGHT IN PASSENGER'S BAGGAGE.

The provisions of Rev. St. § 3082, apply to dutiable merchandise brought into the United States in the baggage of a passenger, and such goods, when discovered after their entry, are subject to forfeiture thereunder. It seems that section 2802, providing for the assessment of duty on dutiable articles found by the inspector in a passenger's baggage, is limited to articles so found, and has no application where the goods have been successfully passed through the customhouse without discovery.

Proceeding by the United States for Forfeiture of Goods for Nonpayment of Duty.

Henry P. Moulton, U. S. Atty., and William H. Garland, Asst. U. S. Atty.

Elder, Wait & Whitman, for claimant.

LOWELL, District Judge. This is a proceeding, under section 3082 of the Revised Statutes, to forfeit certain goods liable to duty which were contained in the personal baggage of a passenger entering the port of Boston. It has been agreed that, "if the provisions of section 3082 apply to dutiable merchandise brought into the United States in the baggage of a passenger, a decree of forfeiture may be entered in this case." The claimant contends that the matter of passengers' baggage is dealt with in section 2802, and that section 3082 is totally inapplicable thereto. Section 2802 is derived from the Statutes of 1799, c. 22, § 46 (1 Stat. 661, 662). That statute exempted wearing apparel and other personal baggage from duty, provided for the entry thereof, and for the form of oath. It further provided that, in lieu of entry, the collector and naval officer might direct the baggage to be examined, and that, if dutiable articles were discovered in this examination, duty should be assessed upon them. The section then continued substantially in the form of section 2802, providing that, where an entry of the goods was made as theretofore provided, dutiable goods found in passengers' baggage should be forfeited, etc. Section 3082 is derived from St. 1866, c. 201, § 4 (14 Stat. 179). That act is entitled "An act to prevent smuggling and for other purposes." There is nothing in it to show that it does not apply to passengers' baggage. On the contrary, section 3, the section immediately preceding the section here in question, provides that "the secretary of the treasury may, from time to time, prescribe regulations for the search of per-

sons and baggage, and for the employment of female inspectors for the examination and search of persons of their own sex." Section 4 of the act of 1866 and section 3082 have been held to apply to passengers' baggage in several cases. U. S. v. Nine Trunks, Fed. Cas. Nos. 15,885, 15,886; U. S. v. A Lot of Jewelry (D. C.) 59 Fed. 684; U. S. v. Ortega (D. C.) 66 Fed. 713.

The claimant contends that to apply section 3082 to passengers' baggage would submit the passenger to an excessive number of penalties, and that section 2802 deals exhaustively with the matter; but section 2802, in its literal meaning, which meaning is supported by the context, deals only with articles subject to duty which are found by the inspector actually present in the baggage of a passenger. If they are not so found, it would seem that the section does not apply. If this be true, then section 3082 is needed to meet the case of a passenger who has smuggled goods through the customhouse in his personal baggage, and has not been found out until he has taken those goods out of his trunk. Let us suppose, again, the case of jewels smuggled upon the person. Plainly, these cannot be forfeited under section 2802; and so, if smuggling on the person is to be punished, and the jewels are to be forfeited, suit must be brought under section 3082. If this be true, and if the claimant's contention concerning section 2802 be correct, it follows that section 3082 applies to merchandise imported under an invoice, and to goods smuggled on the person, while section 2802 deals with the intermediate case of goods smuggled in passengers' baggage. The argument of the claimant, viz., that a distinction between goods which come with a passenger in his baggage and goods which are imported in the usual course as freight is a reasonable one, loses nearly all its force when we find that goods which are brought on the person must, according to this argument, be classed with goods imported as freight.

For these reasons, I hold that section 3082 applies to passengers' baggage, and that a decree of forfeiture must be entered.