UNITED STATES v. CHESBROUGH.

(District Court, D. New Jersey. February 14, 1910.)

**1. Customs Duties (§ 129\*)—Violations of Customs Laws—Statutory Provisions—"Merchandise."**

In Rev. St. § 3082 (U. S. Comp. St. 1901, p. 2014), prescribing a penalty for importing or bringing into the United States any merchandise contrary to law, the term "merchandise" is not restricted to general merchandise as distinguished from personal baggage, especially in view of section 2766 (page 1861), declaring that the word "merchandise" may include goods, wares, and chattels of every description capable of being imported,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and sections 2799 and 2802 (pages 1872, 1873), showing that wearing apparel and other personal baggage are embraced within the term.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 129.*

For other definitions, see Words and Phrases, vol. 5, pp. 4478-4482; vol. 8, p. 7721.

Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

2. STATUTES (§ 188*)—CONSTRUCTION—GENERAL RULE.

In the construction of statutes, words of common use are not to be given any but their natural, plain, and ordinary signification, unless the context shows an intention to use them in a different sense.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 266; Dec. Dig. § 188.*]

3. CUSTOMS DUTIES (§ 125*)—VIOLATIONS OF CUSTOMS LAWS—STATUTORY PROVISIONS—"IMPORT OR BRING."

Rev. St. § 3082 (U. S. Comp. St. 1901, p. 2014), imposes a penalty on any person who shall fraudulently or knowingly import or bring into the United States any merchandise contrary to law. Section 2802 (page 1873) imposes a penalty whenever any article subject to duty is found in the baggage of a person arriving within the United States which was not at the time of making entry therefor mentioned to the collector. Held, that the term "import or bring" does not require that the offense designated in section 3082 should be complete before the merchandise is landed, so as to exclude cases within section 2802, where the entry is not made till after the baggage is landed, but includes the whole act of bringing dutiable articles into the United States.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*

For other definitions, see Words and Phrases, vol. 4, p. 3438; vol. 1, p. 877.]

4. CUSTOMS DUTIES (§ 125*)—VIOLATION OF CUSTOMS LAWS—STATUTORY PROVISIONS—"CONTRARY TO LAW."

A violation of Rev. St. § 2802 (U. S. Comp. St. 1901, p. 1873), imposing a penalty where any dutiable article is found in the baggage of a person arriving within the United States, which was not at the time of making entry therefor mentioned to the collector, becomes the misdemeanor denounced by section 3082 (page 2014), when done fraudulently or knowingly.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

5. CUSTOMS DUTIES (§ 125*)—VIOLATIONS OF CUSTOMS LAWS—STATUTORY PROVISIONS.

That Rev. St. § 2802 (U. S. Comp. St. 1901, p. 1873), provides for a forfeiture and penalty of treble the value of an article subject to duty found in the baggage of a person arriving within the United States, which was not mentioned to the collector, does not indicate that the offense is not within section 3082 (page 2014), imposing a penalty of fine or imprisonment for fraudulently or knowingly importing any merchandise contrary to law, the latter section making the act a crime and imposing a severer penalty for the act done fraudulently and knowingly.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 125.*]

Indictment against Matilda H. Chesbrough for violation of the customs duties law. Demurrer to indictment overruled.

John B. Vreeland, U. S. Dist. Atty.
Carver, Wardner & Goodwin and F. C. Lowthorp, for defendant.

RELLSTAB, District Judge. The indictment in this case is based on section 3082, Rev. St. U. S. (U. S. Comp. St. 1901, p. 2014). The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demurrer is to the first three counts. On the argument the United States abandoned the first and third counts. The demurrant alleges that the second count does not charge a crime.

Section 3082, which furnishes the basis for all the counts, reads as follows:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal. buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars, nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. Whenever. on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

The phrase "contrary to law" clearly relates to legal provisions not found in such section. Keck v. United States, 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505. And the second count unmistakably indicates that section 2802, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1873), is relied upon as embodying the prohibited act which section 3082 denounces as a crime, if done fraudulently or knowingly.

Section 2802 reads as follows:

"Whenever any article subject to duty is found in the baggage of any person arriving within the United States, which was not, at the time of making entry for such baggage mentioned to the collector before whom such entry was made, by the person making entry, such article shall be forfeited, and the person in whose baggage it is found shall be liable to a penalty of treble the value of such article."

The second count reads as follows:

"Second Count: And the grand jurors aforesaid, upon their oath aforesaid, do further present that on the 25th day of May, in the year 1909, at Hoboken, in the county of Hudson, in the district of New Jersey, and within the jurisdiction of this court, the said Matilda M. Chesbrough did fraudulently, unlawfully, and knowingly import and bring into the United States, and did fraudulently, unlawfully, and knowingly assist in importing and bringing into the United States, certain other merchandise, to wit, package needles and silk, one pair cuff buttons, three strings beads, one pocketknife, two scarf pins, two coral pins, three empty jewel boxes, two fur muffs, two fur coats, four pairs kid gloves, one piece silk embroidery, one pongee skirt, one underskirt, 86 doilies, two lithographs, two imitation pearls, one charm, one cross, one spoon, four brooches, three necklaces, two pipes, two fur boas, two pairs silk gloves, three princess gowns, twenty-one handkerchiefs, one wool costume, two pieces, one waist, one silk pad, which said merchandise then and there upon such importation and bringing into the United States was subject to the payment of duties to the said United States, contrary to law; that is to say, the said merchandise then and there having been found and contained in the baggage of her, the said Matilda M. Chesbrough, who then lately before arrived with the said baggage at the port of New York, within the United States, from a foreign country, and which merchandise was not at the time of making entry for such baggage mentioned by the said Matilda M. Chesbrough to the collector of customs of the said port of New York before whom such entry was made, she, the said Matilda M. Chesbrough, at the time of so importing and bringing into the United States, and assisting in importing and bringing into the United States, the said merchandise, then and there well knowing the said merchandise to be subject to the payment of duties to the said United States, and then and there intending to import and bring into the said United States, and assist in importing and bringing into the said United States, the

said merchandise, contrary to law in the manner aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

Succinctly stated, the contention of the demurrant is that the words "import or bring" and "merchandise," as used in section 3082, exclude articles brought in as baggage, and that the penalties denounced by that section do not embrace any act violative of section 2802, regardless of the presence or absence of a fraudulent intent.

The contention in relation to the word "merchandise" is couched by the demurrant in the language following:

"The importation of merchandise contrary to law, which is penalized by section 3082, is the importation of general merchandise as distinguished from baggage and the importation of baggage contrary to law is therefore not penalized by section 3082."

This limitation sought to be placed on the word "merchandise," viz., to the general merchandise requiring invoices, bills of lading, consular certificates, etc., is entirely too restricted. It is a primary rule in the construction of statutes that words of common use are not to be given any but their natural, plain, and ordinary signification, unless the context shows an intention to use them in a different sense. The word "merchandise" is no doubt used in different senses in different parts of the legislation on customs duties (21 Op. Attys. Gen. 92), in some instances very broadly, as authorized by section 2766, and in others more restricted. There is nothing in section 3082, where this word occurs, nor in Act July 18, 1866, c. 201, 14 Stat. 178, from the fourth section of which such section is derived, nor in the Revised Statutes pertaining to customs duties, that suggests a legislative purpose to restrict such word to less than its ordinary meaning. On the contrary, in several sections contained in the fifth division of the Revised Statutes, relating to customs duties, and entitled, "Entry of Merchandise," Congress has clearly evinced that the word "merchandise" is not to have the restricted meaning contended for. Section 2766 (page 1861) declares that "the word 'merchandise' as used in this title may include goods, wares, and chattels of every description capable of being imported"; and sections 2799 and 2802 (pages 1872, 1873) show that wearing apparel and other personal baggage are embraced within the term "merchandise."

As to the restricted meaning of the word "import," the contention of the demurrant is as follows:

"Even if the importation of merchandise contrary to law which is penalized by section 3082 includes the importation of baggage contrary to law, still this count shows no violation of section 3082 because by the very terms of the statute the illegality must exist at the same time with the importation, and, inasmuch as the importation is complete when the ship arrives at her destination with intent to unload, and inasmuch as the obligation to mention dutiable articles contained in baggage does not arise until the act of importation is completed, the allegation that the defendant imported dutiable merchandise in her baggage without mentioning the same to the collector is clearly insufficient."

A technical, rather than the ordinary, meaning of the word "import" in section 3082 is here insisted upon. The argument in support of such contention proceeds thus: That the importation of goods is complete

when the vessel voluntarily arrives at her port of destination with intent to unload (Keck v. United States, supra), that the illegality penalized by section 3082 must exist at the same time with the importation, and, as the offense denounced by section 2802 cannot take effect until after such importation, it cannot be made the basis for the crime contemplated by section 3082. This argument assumes that this definition of "importation" must be applied wherever the word "import" occurs in the customs duties legislation. But this is not so. This definition is undoubtedly correct in the class of cases to which it has been applied by the courts, and, in the case of some of the importations contemplated by section 3082, such definition would control; but it does not control in the case of dutiable merchandise brought in as, in, or with personal baggage. In such a case the importation of such merchandise is not complete as soon as the vessel is moored, but when the dutiable articles are landed and the time for making the baggage declaration and entry has passed.

Section 3082 uses the phrase "import or bring." The demurrant contends that these words are synonymous. They may or may not be, according to the legislative purpose for which they are used. But assuming, for argument's sake, that they are synonymous, what authority has the demurrant for her insistence that the word "bring" must yield to the technical meaning attributed to "import"? Why may not the word "bring" modify the word "import"? The Legislature has used both. There is no need to hold that either is surplusage. There are prohibitions contained in the customs duties laws which come within the phrase "contrary to law" in section 3082, to some of which the word "import" and to others the word "bring" would be the more appropriate. In United States v. Merriam, Cas. No. 15,759, 26 Fed. Cas. 1237, Judge Longyear, in discussing whether section 4, Act July 18, 1866 (section 3082, Rev. St.), repealed section 3, Act March 3, 1863, c. 76, 12 Stat. 739, which latter act furnished the basis of the counts then under consideration, said on page 1239 of 26 Fed. Cas., with reference to the contention that the words "import or bring" were to be given a restricted meaning:

"Now, 'to import,' in its general signification, means to bring into the United States. Why, then, are these additional words 'or bring' into the United States, used? They are either mere surplusage, or they mean something more than what is included in the words 'to import,' according to their ordinary signification. To import goods, wares, and merchandise into the United States, in the connection in which the words are here used, evidently means an importation in the ordinary manner, so far as the means and manner of importation are concerned, but contrary to law. 'To bring' goods, etc., into the United States, in the connection in which the words are used, means the introduction of goods, etc., into the United States by any other means or in any other manner than that of importation proper, contrary to law; and in this sense will not those words cover any smuggling or clandestine introduction into the United States of any goods, wares, or merchandise, subject to duty by law, without attempting to effect an entry at all, and without paying or accounting for the duty? Such was the view of this section taken in the Case of Landsberg, Fed. Cas. No. 8,041, decided by this court, in March term, 1870."

If the technical meaning ascribed to the word "importation" by some of the cases should be adopted as controlling the word "import" used

in said section, the logic of the argument would not be the elimination of the word "bring," or to make it synonymous with "import," but rather to take it as having a different meaning, and that by the use of both terms Congress intended that this section should have the larger scope and effect. To give the words "merchandise" and "import or bring" the restricted meaning contended for by the demurrant would be not only to disregard their plain, ordinary signification, but the evident purpose of the customs duties laws to make it difficult for evil intentioned persons to evade its provisions. These words in my opinion have a plain meaning, and call for no interpretation. They comprehend the bringing into this country of dutiable articles.

The remaining question is whether a violation of section 2802 falls within the phrase "contrary to law" found in section 3082, and becomes the misdemeanor therein denounced when done fraudulently and knowingly. The demurrant contends:

"That the unlawful importation of baggage or what, under the customs laws, is treated as baggage, is not a violation of section 3082, because that section applies only to goods the importation of which is regulated by sections 2785, 2872. 2874, and 2963 (pages 1867, 1910, 1946), and does not apply to goods, the importation of which as baggage is regulated by sections 2799, 2801, and 2802."

If this contention embodies a true construction of these provisions of the customs duties laws, no distinction will exist in the penalties prescribed between the prohibited introduction in baggage of dutiable articles by the innocent and that of those having a criminal intent. An immunity from imprisonment to the latter can have but a disastrous effect upon the administration of those laws. The criminal will play the role of the innocent, and baggage will become the favorite means in the attempt to defraud the government revenues.

In United States v. Five Packages of Tapestry (D. C.) 114 Fed. 496, this matter was considered and decided adversely to this contention; it being there held that "the provisions of Rev. St. § 3082, apply to dutiable merchandise brought into the United States in the baggage of a passenger."

The demurrant contends that this case is in conflict with that of United States v. One Pearl Necklace (Dodge, Claimant), 111 Fed. 164, 49 C. C. A. 287, 56 L. R. A. 130. But this is not so. In the latter case there is an illumining and instructive discussion of the relative effect of the sections referred to by the demurrant, but there is nothing in the opinion of that case that in any way raises a doubt as to section 3082 being applicable to dutiable articles found in personal baggage. There is nothing in that case that required a decision of that question, but the same court (C. C. A., Second Circuit), in One Pearl Chain (Dulles, Claimant) v. United States, 123 Fed. 371, 59 C. C. A. 499, was required to pass thereon, as the only count to which the evidence related was based on that section. The chain alleged to have been forfeited in that case was held to be baggage within the meaning of section 2802, though it was on the person of claimant at the time of its seizure. United States v. Nine Trunks, Cas. No. 15,885, 27 Fed. Cas. 161, is also a case adverse to the contention of demurrant on this point. In the court below it was held that the merchandise contained in the trunks

which were brought in as baggage were not embraced within section 3082. This was held to be error; Justice Strong saying:

"With this construction of the act of 1866 I find myself unable to concur. I agree that the act is to be construed in view of other acts relating to the same subject-matter; and, so far as possible, in harmony with them. But, if a new provision is introduced into a statute, effect must be given to it, though it changes the prior existing law. It is true the act of 1863, which required triplicate invoices, with a consular certificate, did not prescribe a forfeiture for neglecting to obtain them. It only declared that without them the goods should not be admitted to entry. Forfeiture was prescribed for making entries by means of false invoices or certificates. But all this is not inconsistent with the power of Congress to provide other penalties for importing goods without pursuing the prescribed forms of law. The manifest purpose of the act of 1863 was to protect the revenues against smuggling and other frauds. Hence the requisition of triplicate invoices and of the consular certificate, which could not be given without a minute and particular declaration, specifying facts very material to be known by the revenue officers. The act of 1866 professes by its title to be an act further to prevent smuggling. It is practically a remedial act, therefore, in a very just sense, though some of its provisions are penal. It is to be construed with reference to the mischiefs it was intended to remedy. Now, it is plain the mischiefs in view were not only the introduction into the country of goods, the importation of which was prohibited, but illegal importation of dutiable articles. That dutiable goods were in contemplation of Congress is made manifest by the provisions of the third section, which authorizes a search for goods 'subject to duty,' or 'which have been introduced into the United States in any manner contrary to law,' and in case they are found authorizes a seizure of them and a forfeiture. Then follows the fourth section (section 3082), containing a more general provision, which prescribed forfeiture of any goods imported contrary to law, and imposes a penalty upon the importer. Goods imported in the manner in which the goods now in controversy were imported are in my judgment imported contrary to law as much as if they had been goods which could not legally be imported at all. And I find no warrant for restraining the language used by Congress beneath its natural meaning. If it be restrained, as it was in the District Court, the act ceases to be what it professes to be, an act to prevent smuggling."

See, also, Cotzhausen v. Nazro, 107 U. S. 215, 2 Sup. Ct. 503, 27 L. Ed. 540, that the method employed in introducing dutiable articles is immaterial, if such introduction is contrary to law. In my opinion this contention of the demurrant is unsound, and section 3082 does apply to dutiable articles introduced into this country in personal baggage.

The demurrant also contends that section 2802 provides a penalty for the act therein prohibited, and that it cannot be supposed that Congress intended another and severer penalty for the same violation, such as is imposed in section 3082. To this it is only needful to say that, before the penalties denounced by section 3082 can be imposed, a higher grade of culpability must be established than is required to constitute an offense under section 2802. The penalties denounced by the latter section apply where any article subject to duty is found in the baggage, and not mentioned at the time of making entry thereof; and this whether the person bringing in such baggage knew that such articles were dutiable or not, and though he was free from any intent to defraud the government revenues. United States v. One Pearl Necklace (Dodge, Claimant), supra. Whereas in section 3082 it is only when such act is done fraudulently or knowingly that the crime therein penalized is committed. Under the count demurred to, the govern-

ment must not only show that section 2802 was violated by the defendant, but that she knew she was violating it or that she violated it fraudulently. This fraudulent and guilty knowledge relates mainly to the punishment of the offender. The seizure directed under section 2802 relates to the property imported contrary to law. Cotzhausen v. Nazro, supra, page 219 of 107 U. S. (2 Sup. Ct. 503, 27 L. Ed. 540).

An information under section 2802 for the forfeiture of goods is a civil action. The proceedings contemplated by section 3082 are criminal. Friedenstein v. United States, 125 U. S. 224, 8 Sup. Ct. 838, 31 L. Ed. 736. An acquittal of the crime charged under section 3082 would be no bar to the proceedings in rem authorized under section 2802. 23 Op. Attys. Gen. 63.

The insistence of the demurrant that the mere bringing of dutiable articles into this country is not the offense denounced by section 2802, but that the offense is only complete when the person making entry fails to mention such dutiable articles, has no place in the present discussion. The count demurred to clearly and distinctly alleges that certain dutiable articles were found in the baggage of the defendant; that she had lately before arrived with such baggage from a foreign country; that she made no mention of such articles at the time of making her baggage entry; that she knew that such articles were subject to the payment of duties; and that she fraudulently, unlawfully, and knowingly brought them into the United States contrary to law.

On a demurrer, all well-pleaded material and relevant facts are admitted as true, and the court is only concerned with the legal effect of the charges and allegations of fact contained in the pleading. These in this count in my judgment sufficiently charge the crime denounced by section 3082 to put the defendant on her defense.

The demurrer is overruled.