**UNITED STATES v. MATTIO et al.** [*]

(Circuit Court of Appeals, Ninth Circuit.
March 7, 1927.)

No. 4962.

1. **Customs duties �köⁱ12—Notwithstanding statutory definition, "merchandise" is often used to mean only merchandise in commercial sense, to exclusion of baggage, personal effects, etc.** (Tariff Act 1922, §§ 201, 401c, 448–453, 498, 605 et seq. [Comp. St. §§ 5841b, 5841d, 5841e17–5841e22, 5841f35, 5841f36, 5841h25 et seq.]).

Notwithstanding Tariff Act 1922, § 401c (Comp. St. § 5841d), defining "merchandise" as "goods, wares, and chattels of every description," the meaning of that term as actually used is often restricted to what may be regarded as merchandise in a commercial sense, to the exclusion of baggage, personal effects, and articles of personal adornment, in view of sections 201, 448–453, 498, and 605 et seq. (Comp. St. §§ 5841b, 5841e17–5841e22, 5841f35, 5841f36, 5841h25 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series Merchandise.]

2. **Statutes ⊚ⁱ207—Specific provisions of statute control inconsistent general provisions.**

Where there is an inconsistency between general and specific provisions of an act, the specific provisions control.

3. **Forfeitures ⊚ⁱ1—Forfeitures are not favored.**

Forfeitures are not favored, and, to be incurred, must be within the letter and spirit of the law.

4. **Customs duties ⊚ⁱ23, 130(3)—Jewelry worn by persons clandestinely entering country held nondutiable, and not subject to forfeiture under statute** (Tariff Act 1922, § 201, par. 1695, and §§ 460–462, 498, 593b, 642 [Comp. St. §§ 5841b, 5841e29–5841e31, 5841f-35, 5841f36, 5841h13, 5841i1]).

Jewelry worn by persons clandestinely entering the United States from contiguous territory, which was later pawned, but with good-faith intent to redeem and continue using, *held* exempt from duty under Tariff Act 1922, § 201, par. 1695 (Comp. St. § 5841b), and hence not subject to forfeiture under sections 460 or 593b (Comp. St. §§ 5841e29, 5841h13), particularly in view of sections 461, 462, 498, 642 (Comp. St. §§ 5841e30, 5841e31, 5841f35, 5841f36, 5841i1).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Proceeding by the United States for the forfeiture of certain articles of jewelry, claimed by M. Mattio and others. From a decree for claimants, the United States appeals. Affirmed.

[*]Rehearing denied May 2, 1927.

Geo. J. Hatfield, U. S. Atty., and Richard M. Lyman, Jr., Asst. U. S. Atty., both of San Francisco, Cal.

Robert E. Hatch, Elmer Robinson, and Robert E. Duncan, all of San Francisco, Cal., for appellees Mattio and Laloy.

Thomas, Beedy & Presley, of San Francisco, Cal., for appellee Loan Ass'n.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Without discussing the technical character of the proceeding, it is sufficient to say that by it the government seeks judgment forfeiting certain articles of jewelry alleged to have been brought into the United States in violation of the Tariff Act of 1922. A jury was duly waived, and from an adverse judgment, based upon special findings of fact, the government appeals.

In November, 1923, two women, citizens of France, clandestinely entered the United States from Canada, by automobile, without reporting to any immigration official. In good faith they were at the time wearing the jewelry in question, which consisted of a diamond ring and a pair of diamond earrings, worn by one, and a lavaliere, a diamond pin, a diamond ring, and a pair of diamond earrings worn by the other. They had owned and actually worn it for several years before coming to Canada and the United States, and intended to continue so to use it. Their baggage was, upon their entry, expressed to New York, where it was forthwith sent to the customs house, and one of the women personally appeared and declared the same for both. The one so appearing was at the time wearing the major part of the jewelry in question, and there was no request by the custom officials for its inspection.

Immediately thereafter the women came to San Francisco, and in the latter part of March, 1924, being in need of funds for living expenses, they in good faith pawned the jewelry to secure a loan of $2,000, payable in seven months. Thereafter they were arrested for and consented to deportation; and subsequently, on or about July 31, 1924, the jewelry was seized by the custom officials and taken from the pledge holder. At no time did the women intend to sell it, and they expected to redeem it from the pledgee. When they entered the United States, they did not know that it would or could be deemed dutiable, and they were without intent to defraud the United States. Such is the substance of the findings of fact.

It will be noted the women entered the United States from "contiguous territory," and the government relies mainly upon section 460 of the Tariff Act of 1922, (42 Stat. 858, 956), being Comp. St. § 5841e29, which provides that, if any "merchandise" is imported or brought into the United States from a contiguous territory, without being reported as required by the next preceding section, it shall be forfeited, and upon section 593 (b) (42 Stat. 982 [Comp. St. § 5841h13], similar to R. S. § 3082 [Comp. St. § 5785]), declaring that, "if any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, * * * such merchandise shall be forfeited * * *." In a large measure the questions involved turn upon the meanings to be given to certain terms in the connection in which they are found, and more especially the word "merchandise."

[1-3] It is true that by section 401 (c) of the Act (42 Stat. 948 [Comp. St. § 5841d]; similar provision, R. S. 2766 [Comp. St. § 5462]), merchandise is defined as meaning "goods, wares, and chattels of every description." But while under this generic definition the term is broad enough to cover every kind of tangible personal property, including the most necessary articles of clothing, whether carried in a trunk or on the person, we find as actually used in the Act its meaning is often restricted to what may be regarded as merchandise in a commercial sense, to the exclusion of "baggage," "personal effects," and "articles of personal adornment," of which specific mention is made as being in classes by themselves, and for which there are special provisions. That this is true an inspection of the act in general will disclose; illustrative examples may be found in section 201, par. 1695, sections 498, 448 to 453, and section 605 et seq. (Comp. St. §§ 5841b, 5841f35, 5841f36, 5841e17-5841e22, 5841h25 et seq.). See, also, International Railway Co. v. Davidson, 257 U. S. 506, 513, 42 S. Ct. 179, 66 L. Ed. 341; One Pearl Chain v. United States (C. C. A.) 123 F. 371; United States v. One Pearl Necklace (C. C. A.) 111 F. 164. Under familiar principles, where there is inconsistency between general and special provisions of an act, the latter control. Moreover, forfeitures are not favored, and to be incurred must be within the letter and spirit of the law.

While the terms may be difficult of precise and comprehensive definition, "merchandise" and "baggage" and "personal effects upon the person" have, in common understanding, distinct significations. Undoubtedly, even in the common meaning of the word, an article may be merchandise, though carried in a trunk or handbag, or upon the person. But under the circumstances here disclosed no legal distinction can be drawn between the jewelry in question and the gloves or shoes, or any other article of clothing or adornment, upon the persons of the two women when they entered the United States. For the purposes of forfeiture all have the same legal status, and if, under the statutes or departmental regulations, it was the duty of the possessors to report one, it was equally their duty to report all.

[4] Under the act of 1922 (section 201, par. 1695, 42 Stat. 922, 932 [Comp. St. § 5841b]), exempting from duty, without limit of value, "wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States," provided such articles "are necessary and appropriate for the wear and use of such persons and are intended for such wear and use," and "were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country," and "are * * * not * * * intended for other persons or for sale," the jewelry was nondutiable. It may not be immaterial to note that by the same provision the exemption of such articles purchased abroad by residents of the United States is restricted to a value of $100.

Under section 2799, R. S. (Comp. St. § 5496), considered in the Pearl Necklace and the Pearl Chain Cases, supra, persons arriving in the United States were required specifically to enter exempt wearing apparel and other personal effects, as well as dutiable articles; but that section was repealed by section 642 of the act of 1922 (42 Stat. 989), being Comp. St. § 5841i1, and we find no corresponding provision now in force.

By section 498 (42 Stat. 964), being Comp. St. §§ 5841f35, 5841f36, "the Secretary of the Treasury is authorized to prescribe rules and regulations for the declaration and entry of" divers classes of articles, including "personal effects," and "articles carried on the person or contained in the baggage" of persons arriving in the United States; and upon resorting to such rules and regulations we find a provision applicable only to "returning residents," and another distinct provision for "nonresidents," as follows:

"Nonresidents of the United States must declare all articles in their baggage or on

their persons which do not constitute wearing apparel, articles of personal adornment, toilet articles, or similar personal effects, whether intended for their personal use or for others. They must also declare all articles of wearing apparel, jewelry, and other articles, of personal adornment, toilet articles, and similar effects when not owned by them or when intended for other persons or for sale."

Plainly this requirement does not extend to, but by implication is exclusive of, the articles here in question. In the argument reference was made. to a Form said to be No. 6059, admittedly not offered in. the lower court or made the subject of evidence. But we do not find such a form prescribed or referred to in the "Customs Regulations for 1923," and neither it nor the facts in respect to its use are within our cognizance.

Even were it possible under the findings of fact to hold that the jewelry was "merchandise" or "baggage" within the meaning of sections 461 and 462 (42 Stat. 956), being Comp. St. §§ 5841e30, 5841e31, it will be noted that the forfeiture there declared for a failure to make the requisite disclosures to a customs officer is of only dutiable and prohibited articles, and, admittedly, the jewelry was not dutiable or prohibited. We therefore conclude, as was held by the court below, that there was no provision of law or regulation requiring the articles to be reported, declared, or entered, and therefore the failure to do so was not contrary to law. United States v. Cresbrough, 176 F. 780; Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505.

In view of this conclusion, it is unnecessary to consider what, if any, legal effect should be given to the findings below that the women did not know that the jewelry could or would be held dutiable, and that they had no intent to defraud.

Judgment affirmed.