JOHN A. TOBEY *vs.* ELBERT S. KIP.

Barnstable.    March 11, 1913. — May 22, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Tax,* Validity, On "merchandise" of non-resident. *Yacht. Words,* "Merchandise."

In an action by the tax collector of a town against a non-resident for the collection of a tax assessed upon a chattel of the defendant and alleged to be due to the town under a statute of this Commonwealth, where it is not contended that the defendant is taxable in the town upon any other property and no question of overvaluation is involved, the defense that the assessment of the tax sought to be collected was illegal and void is open to the defendant.

A yacht belonging to a resident of another State, which is used by him as a pleasure boat and is kept by him in a town in this Commonwealth, is "merchandise" within the meaning of that word as used in St. 1909, c. 516, § 2, and is taxable under that statute.

CONTRACT by the collector of taxes of the town of Falmouth against a citizen and resident of Morristown in the State of New Jersey, who spent the summer months in the town of Falmouth, for $20.40 assessed under St. 1909, c. 516, § 2, as a tax for the year 1910 upon a yacht belonging to the defendant and kept by him in Falmouth during the entire year. Writ dated September 2, 1911.

In the Superior Court the case was submitted to *Dubuque, J.,* without a jury, upon an agreed statement of facts. The judge found that the defendant had no domicil in this Commonwealth, that his domicil was in the State of New Jersey and that the other facts were as stated in the opinion. He found and ordered judgment for the defendant, and at the request of the parties reported the case for determination by this court. If the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $20.40 with interest from the date of the writ; otherwise, judgment was to be entered for the defendant.

*J. Walsh,* for the plaintiff.

*C. C. Paine,* for the defendant.

SHELDON, J. If the tax in question was, as the defendant contends, illegal and void, we do not doubt that this defense is available to him in the present action. It is not contended that he has been or could be taxed upon any other property; no question of overvaluation is involved; and he is not confined to the statutory remedy for an abatement. *Harrington* v. *Glidden,* 179 Mass. 486.

The tax was assessed upon a yacht, used by the defendant as a pleasure boat and kept by him in Falmouth. It was properly assessed, and is collectible if the yacht is included in the term "merchandise" used in St. 1909, c. 516, § 2. That statute provides that "merchandise, machinery and animals owned by persons not inhabitants of this Commonwealth or by foreign corporations and not taxable under the provisions of" St. 1909, c. 490, Part I, § 23, "in any city or town in the Commonwealth, but situated in this State, shall be assessed to the owner in the city or town where they are situated." The yacht was not taxable under

the section referred to in this statute, and it was situated in Falmouth.

In our opinion the question is settled by the case of *New England & Savannah Steamship Co.* v. *Commonwealth,* 195 Mass. 385. It was there decided in an elaborate opinion by Hammond, J., that the word "merchandise," used in another statute with regard to the taxation of corporate franchises, included steamships used for the transportation of freight and passengers between domestic ports; and this was put upon the broad principle that in a statute relating to taxation the word "merchandise," as applied to chattels, must be construed to include all tangible personal property which may be the subject of sale. The St. of 1909, c. 516, was enacted a little more than two years after the rendering of this decision; and it must be presumed that the Legislature in using the word "merchandise" intended to adopt the interpretation which so recently had been put upon it by this court.

It is true, as has been argued in behalf of the defendant, that the personal property of a non-resident, though it be located within the Commonwealth, is not liable to taxation here unless there is some statutory authority therefor. *Flanders* v. *Cross,* 10 Cush. 514. *Boston Investment Co.* v. *Boston,* 158 Mass. 461. *Coffin* v. *Artesian Water Co.* 193 Mass. 274, 276. But we have here such authority, and the validity of the statute is not now open to dispute. *Scollard* v. *American Felt Co.* 194 Mass. 127. *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63, 68. *Old Dominion Steamship Co.* v. *Virginia,* 198 U. S. 299.

The finding for the defendant must be set aside, and judgment must be entered for the plaintiff as provided for in the report.

*So ordered.*