HORACE S. BASSET *vs.* CITY OF BOSTON.

SAME *vs.* SAME.

SAME *vs.* SAME.

Middlesex. November 14, 1916. — February 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Tax,* On chattels. *Words,* "Goods, wares, merchandise."

Under St. 1909, c. 490, Part I, § 23, cl. 1, which directs that "Goods, wares, merchandise, capital employed in business and stock in trade, . . . in cities or towns in the Commonwealth . . . shall be taxed in the cities or towns in which the owners hire or occupy manufactories, stores, hotels, or offices," a public accountant having an office in one city, in which he has such office furniture and equipment as are required for the conduct of his business, and having his residence in another city, is taxable on such furniture and equipment in the city where he has his office.

THREE ACTIONS OF CONTRACT against the city of Boston to recover the amounts of taxes paid by the plaintiff under protest in three successive years as described in the opinion. Writs dated July 28, 1915, and January 20, 1916.

In the Superior Court the cases were heard together by *Irwin*, J., without a jury. The facts are stated in the opinion. The judge

ruled and found for the defendant in each case; but, being of opinion that the questions of law involved ought to be determined by this court, he reported the cases for such determination. ,

The whole of the first excepting clause. of St. 1909, c. 490, Part I, § 23, is as follows:

"First, Goods, wares, merchandise, capital employed in business and stock in trade, except ships or vessels owned by a copartnership, and stock employed in the business of manufacturing or of the mechanic arts in cities or towns in the Commonwealth, other than those in which the owners reside, whether such owners reside within or without the Commonwealth, shall be taxed in the cities or towns in which the owners hire or occupy manufactories, stores, hotels, or offices, shops or wharves, whether such property is in said places or elsewhere on the first day of May of the year when the tax is assessed. The merchandise of a foreign corporation shall be assessed in the city or town where it is situated."

*F. M. Forbush,* for the plaintiff.

*W. P. Higgins,* for the defendant, submitted a brief.

CARROLL, J. The plaintiff is a public accountant with an office in the city of Boston, in which city during 1913, 1914 and 1915, he had such office furniture and equipment as were required for the conduct of his business. He was assessed on this furniture and equipment during these years by the assessors of the city of Boston, while he was a resident and taxpayer in the city of Newton. The taxes have been paid and these actions are to recover because they were illegally assessed.

St. 1909, c. 490, Part I, § 23, cl. 1, directs that "Goods, wares, merchandise, capital employed in business and stock in trade, . . . in cities or towns in the Commonwealth, . . . shall be taxed in the cities or towns in which the owners hire or occupy manufactories, stores, hotels, or offices." The plaintiff had an office in Boston, and the only question for decision is whether the furniture in use in his office and not kept for sale, is comprehended by the phrase, "goods, wares, merchandise," within the meaning of this statute.

R. L. c. 12, § 23, cl. 1, provides that "Goods, wares, merchandise and other stock in trade, . . . in cities or towns in the Commonwealth, other than those in which the owners reside . . .

shall be taxed in the cities or towns in which the owners hire or occupy manufactories, stores, shops or wharves." From the language of this statute as well as from the arrangement of the words, a strong and perhaps convincing argument could be made, that the goods, wares and merchandise there spoken of were such as either formed the stock in trade of the merchant or the manufacturer, or were merchandise of a like kind, and that the statute had no application to the fixtures or furniture of an office or other place of business. See *Barron* v. *Boston,* 187 Mass. 168, 171; *Charlestown* v. *County Commissioners,* 109 Mass. 270.

By St. 1909, c. 490, Part I, § 23, cl. 1, changes were made. The word "other" before "stock in trade" was stricken out, and the words "hotels, or offices" were added. The property of non-residents taxable under this section is not only the property of the owners or occupants of manufactories, stores, shops or wharves, but also of "hotels, or offices." In this statute the words "Goods, wares, merchandise" are not used in any restrictive way, and there is no language in the act nor any arrangement of words from which it could be argued that the phrase was limited to property kept for sale or of the same kind as merchandise constituting a stock in trade. Goods, wares and merchandise of every kind, whether kept for sale or merely for use, are included in its scope.

The phrase "Goods, wares, merchandise" is of large signification, both at common law and under various statutes, especially the statute of frauds. Speaking generally, the words taken together designate commodities and personal chattels and are equivalent to the term "personal property." See *New England & Savannah Steamship Co.* v. *Commonwealth,* 195 Mass. 385; *Tisdale* v. *Harris,* 20 Pick. 9, 13. "'Goods' include all chattels personal other than things in action and money." Sales act, St. 1908, c. 237, § 76, cl. 10.

In *Tobey* v. *Kip,* 214 Mass. 477, it was decided that a yacht used as a pleasure boat and kept by a non-resident owner in the town of Falmouth, was "merchandise" under the St. 1909, c. 516, § 2, providing for the taxation of "merchandise, machinery and animals owned by persons not inhabitants of this Commonwealth," and in *New England & Savannah Steamship Co.* v. *Commonwealth, ubi supra,* a steamship in use for the transportation of freight and passengers was held to be included in this word "merchandise," by St. 1903, c. 437, § 74, relating to the taxation of corporate

franchises.   By these decisions, "merchandise," has been given an extensive meaning, including the pleasure yacht as well as the steamship of commerce; it is not restricted to the goods and commodities of trade and the material and product of the manufacturer.

It follows that the furniture and equipment in the plaintiff's office were goods, wares and merchandise and were properly assessed in Boston.

According to the terms of the report judgment is to be entered for the defendant, and for its costs of suit in each action.

*So ordered.*