LYNDE SULLIVAN, assignee of HELEN SULLIVAN, *vs.* INHABITANTS
OF ASHFIELD.

SAME *vs.* SAME.

LYNDE SULLIVAN, assignee of HELEN L. SULLIVAN, *vs.* INHABITANTS
OF ASHFIELD.

Suffolk.    February 26, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* On personal property of non-resident. *Evidence,* Presumptions and burden of
proof, Matters of common knowledge. *Words,* "Farming utensils," "Mer-
chandise."

Where there is any personal property of a non-resident that is taxable in a town
in which it is situated, the only remedy of such non-resident for excessive taxation
is by a petition for an abatement, and it is immaterial whether the over-assess-
ment arises from a too high valuation of the property actually owned there by
the taxpayer or from the inclusion of other property not owned by the taxpayer
or not taxable by that town.

In an action by a woman, whose residence is in a foreign country, against a town in
this Commonwealth where the plaintiff has a country place at which she lives
in summer, to recover a tax on personal property paid by the plaintiff under
protest, the burden rests on the plaintiff to show that when the tax was assessed
she had no personal property in that town that was subject to taxation there;
and, if in such action the son of the plaintiff has testified that "there were two
horses on the place, but was not sure of this; that, if there were, they belonged
to his mother," a finding is not warranted that the plaintiff had no personal
property taxable in the town when the tax was assessed.

In another action between the same parties to recover a tax assessed for a
different period, there was undisputed evidence that during the period for which
the tax was assessed the plaintiff owned and kept in the town a horse lawn
mower, which "consisted of a large iron roller behind a cut-bar, and was always
run by a horse," and which was "about six feet in width, with a roller edge and
knife, and required a horse for motive power," and it was *held* that this machine
was not exempted from taxation as a "farming utensil" under St. 1909, c. 490,
Part I, § 5, cl. 11, and that under St. 1909, c. 516, § 2, it was taxable to the
plaintiff as a person not an inhabitant of this Commonwealth in the town
in which it was situated.

It is a matter of common knowledge that a horse lawn mower such as described
above is not found usually among the tools and implements of a farmer, and
that its ordinary use is not directed to the practice of husbandry nor to the
promotion of agriculture.

In another like action brought by the daughter of the plaintiff in the action above
described against the same town also to recover a tax on personal property paid
under protest, there was evidence that there was furniture in the house in which

the plaintiff lived with her mother in summer and that some of it belonged to the plaintiff, who had her residence in the Kingdom of Italy, and it was *held,* that the burden was on the plaintiff to show that the part of the furniture belonging to her was less than $1,000 in value and so was exempt from taxation under St. 1909, c. 490, Part I, § 5, cl. 11, if a resident of a foreign country is entitled to such exemption, which was said to be doubtful, and that, there being no evidence offered to show that the plaintiff's furniture in the house was worth less than $1,000, there was no evidence to warrant a finding that the plaintiff had no personal property taxable in that town.

Household furniture is included in the word "merchandise" as used in St. 1909, c. 516, § 2, in describing personal property taxable to a person not an inhabitant of this Commonwealth in the city or town where it is situated.

THREE ACTIONS OF CONTRACT against the town of Ashfield to recover taxes on personal property paid under protest by Helen Sullivan and by Helen L. Sullivan, the plaintiff suing as the assignee of each of them, the first action being for taxes assessed to Helen Sullivan for the years 1910 and 1911, the second action for taxes assessed to Helen Sullivan for the years 1912, 1913 and 1914, and the third action for taxes assessed to Helen L. Sullivan for the years 1910 and 1911. Writs dated December 14, 1912, February 15, 1915, and March 31, 1913.

In the Superior Court the cases were tried together before *Brown,* J. The evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant in each of the cases and reported the cases for determination by this court.

St. 1909, c. 490, Part I, § 5, begins as follows: "The following property and polls shall be exempted from taxation:"

Clause 11 of that section is as follows: "The wearing apparel and farming utensils of every person; his household furniture not exceeding one thousand dollars in value; and the necessary tools of a mechanic not exceeding three hundred dollars in value."

St. 1909, c. 516, § 2, is as follows: "Merchandise, machinery and animals owned by persons not inhabitants of this Commonwealth or by foreign corporations and not taxable under the provisions of section twenty-three of Part I of chapter four hundred and ninety of the acts of the year nineteen hundred and nine in any city or town in the Commonwealth, but situated in this State, shall be assessed to the owner in the city or town where they are situated."

The cases were submitted on briefs.

*L. A. Ford, J. A. Locke & G. C. Cutter, Jr.,* for the plaintiffs.

*W. A. Davenport & A. J. McLaud,* for the defendant.

RUGG, C. J. These are actions at law to recover taxes paid under protest. Confessedly the domicil of both Mrs. Sullivan and her daughter, to whom taxes were assessed, had been in Malden for many years. The house in Ashfield was used only for the summer during that period. A domicil once acquired is presumed to continue until a new one is acquired by actual change of residence with the intention of remaining permanently at the place of removal. *Wilson* v. *Terry,* 11 Allen, 206. *Whately* v. *Hatfield,* 196 Mass. 393, and cases cited at page 394. There was no evidence that there was any removal from Malden to Ashfield with the intention of establishing a domicil there. The home in Malden was given up in 1909. There was no transfer of any furniture or other property to Ashfield and Mrs. Sullivan and her daughter were at the house in Ashfield only between April and November, 1911. There was no evidence of an intent to remain there, but on the contrary all the evidence upon this point tended to show a purpose to make a home elsewhere.

But the plaintiff cannot recover unless he shows that during the years in question there was no personal property rightly assessable in the town of Ashfield to each as non-residents. Where there is personal property of a non-resident which is taxable in the town where it is situated, the assessors of that town have jurisdiction to tax and the only remedy of the aggrieved owner for excessive taxation is by abatement. He cannot maintain an action at law. It is immaterial whether the over-assessment arises from a too high valuation of property actually owned, or from the inclusion of other property not owned and therefore not rightly subject to taxation. The sole remedy in such case is by petition for abatement. *Harrington* v. *Glidden,* 179 Mass. 486, 492. *Sears* v. *Nahant,* 221 Mass. 435.

Dealing first with the first case of the mother, there was no evidence to warrant a finding that she had no property taxable in Ashfield during the years 1910 and 1911. The son testified on this point that during these years he thought there were "two horses on the place, but was not sure of this; that if there were, they belonged to his mother." Since the burden rested on the

plaintiff and since all the rest of the evidence tended to show other personal property there subject to taxation, the plaintiff plainly did not present evidence enough to warrant a finding that the mother had no personal property subject to taxation in Ashfield for those years. These horses being kept in Ashfield throughout the year were taxable there, regardless of the owner's domicil, under St. 1909, c. 490, Part I, § 23, cl. 3.

We come now to the second action to recover taxes assessed to the mother. As to these years the evidence was conflicting touching her ownership of horses, furniture, a buggy and a piano. But there was undisputed evidence that during all the subsequent years, as to the taxes of which complaint now is made, she owned and kept in Ashfield a horse lawn mower, which according to one witness "consisted of a large iron roller behind a cut-bar, and was always run by a horse." Another witness testified that "the lawn mower is about six feet in width, with a roller edge and knife, and required a horse for motive power." A mechanism thus described does not come within the classification "farming utensils," which by St. 1909, c. 490, Part I, § 5, cl. 11, are exempted from taxation. A horse lawn mower is a well known machine. According to common knowledge it is not usually found among the tools and implements of the farmer. Its ordinary use is not directed to the practice of husbandry nor to the promotion of agriculture, but to the care and adornment of large private estates, of public and private parks, of country clubs and like places, which, however desirable and commendable in themselves, have no direct or remote connection with the cultivation of crops, the attention to herds and live stock, or the care of the grounds of a farm house. This machine was taxable. But whether it was taxable in Ashfield, or not, depended upon the domicil of the owner. If she resided within the Commonwealth, it was taxable under St. 1909, c. 490, Part I, § 23, to her in the town of which she was an inhabitant or in which she was domiciled. But if she was a non-resident it was taxable under St. 1909, c. 516, § 2, in the town where situated. The place of her domicil ordinarily would have been a question of fact. But it was alleged in the pleadings that the mother, though formerly a resident of Malden, was during the time here in question "a resident of Asolo in the Kingdom of Italy." That was an admission by pleading which bound the

plaintiff. He cannot ordinarily be heard to dispute his own allegations. Therefore the judge rightly ruled against him.

The evidence showed respecting the taxes assessed to the daughter only that there was personal furniture in the house, some of which belonged to her. Testimony to this effect came from the plaintiff and must be accepted as true. The question then is whether the tax assessed to her was wholly illegal. The burden of proof is upon every one who asserts an exemption from taxation to show that he is entitled to it clearly and unequivocally. Doubt upon this point is to be resolved against the claimant. *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176. *Redemptorist Fathers* v. *Boston,* 129 Mass. 178. The exemption of household furniture from taxation is limited to $1,000 in value. St. 1909, c. 490, Part I, § 5, cl. 11. Household furniture is not by its nature exempt from taxation. One claiming that property of this kind is exempt from taxation must show that he comes within the terms of the exemption. That means, as applied to this case, that the plaintiff was bound to show that the daughter owned altogether less than one thousand dollars' worth of furniture and thus was entitled to an exemption. No proof was offered upon this point. Hence there was no evidence to sustain the burden of proof. Moreover, it is extremely doubtful if a nonresident of the Commonwealth is entitled to this exemption. The declaration in the action to recover the daughter's tax alleged that she was a "resident of Asolo in the Kingdom of Italy." This was an admission which binds the plaintiff. Her case must proceed also on the footing that she was a non-resident. Household furniture comes within the comprehensive word "merchandise" as used in St. 1909, c. 516, § 2. *Tobey* v. *Kipp,* 214 Mass. 477. *New England & Savannah Steamship Co.* v. *Commonwealth,* 195 Mass. 385. Therefore, being the property of a non-resident, it was taxable under the last named statute in Ashfield, where it was situated.

*Judgment for the defendant in each case.*