COLLECTOR OF TAXES OF BOSTON *vs.* RISING SUN STREET LIGHTING COMPANY.

Suffolk.    December 5, 1917. — February 28, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On personal property of foreign corporation. *Corporation,* Foreign: taxation. *Constitutional Law.*

A corporation organized under the laws of another State, which has a contract to furnish a city in this Commonwealth with fire alarm lamps and with "boulevard lanterns, burners, domes and incandescent mantles" for the lighting of public streets, parks and other public places, retaining its ownership in all the lamps and placing them on posts owned by the city, and which, for the purpose of performing its contract, hires an office in the city and places in it its own office furniture and owns also horses, wagons, carriages, sleighs and harnesses used in carrying out its lighting contract with the city, is liable to taxation upon all this property under St. 1909, c. 516, § 2, and St. 1909, c. 490, Part I, § 23, cl. 1, and, if it fails to pay such tax when regularly assessed to it, the collector of taxes of the city can maintain an action of contract against such foreign corporation for the amount of such tax.

There is nothing in the statutes that authorize the collection of such a tax from a foreign corporation which violates any provision of the Fourteenth Amendment of the Constitution of the United States.

When a foreign corporation comes into this Commonwealth to transact a local or intrastate business, it assents to be bound by our laws respecting such corporations, including the laws relating to taxation so far as they are valid.

CONTRACT by the collector of taxes of the city of Boston against the Rising Sun Street Lighting Company, a corporation organized under the laws of the State of Maine, to recover the amount of a tax on personal property of the defendant in Boston assessed to

the defendant for the year 1912 with interest and costs, amounting in all to $1,162. Writ dated January 16, 1913.

In the Superior Court the case was heard by *Hamilton*, J., upon an agreed statement of facts as stated in substance in the opinion. The judge found for the plaintiff and assessed damages in the sum of $1,439.05. The defendant appealed.

The case was submitted on briefs.

*C. H. Innes & W. Turtle*, for the defendant.

*W. J. O'Malley*, for the plaintiff.

Rugg, C. J. This is an action of contract by the collector of taxes of the city of Boston to recover taxes assessed against the defendant, a foreign corporation organized under the laws of Maine, upon personal property owned by it and physically in Boston during the entire year 1912, for which the tax was assessed. The defendant by virtue of a contract with the city of Boston furnished it with fire alarm lamps and with "boulevard lanterns, burners, domes and incandescent mantles" for the lighting of public streets, parks, and other public places, all of which were owned by the defendant and placed on lamp posts owned by the city. The defendant also furnished the gas consumed in them. It rented a building for storage, for making repairs and renewals, where also it kept needed tools and appliances owned by it. It also hired an office equipped with its own office furniture. It owned four horses, three wagons, three carriages, two sleighs, and four harnesses. All this personal property was necessary and used for carrying out its lighting contract with the city. The tax was levied upon all this property.

· This property was taxable in its nature. It is included within the descriptive words of St. 1909, c. 516, § 2, which subjects to taxation "merchandise, machinery, and animals owned . . . by foreign corporations and not" taxed under another provision of the law, and requires that it be "assessed to the owner in the city or town" where situated. It is also comprehended within "goods, wares, merchandise" of St. 1909, c. 490, Part I, § 23, cl. 1, which when owned by a foreign corporation "shall be assessed in the city or town where it is situated." *New England & Savannah Steamship Co.* v. *Commonwealth*, 195 Mass. 385. *Tobey* v. *Kip*, 214 Mass. 477. *Basset* v. *Boston*, 226 Mass. 64, 66. *Sullivan* v. *Ashfield*, 227 Mass. 24, 28.

The property was not devoted to a public use in such sense as to be exempt from taxation. It was privately owned. It could be removed and used for other purposes. Other property could have been substituted for it. It is manifest that horses, vehicles and tools were wholly separate from the property set upon the lighting posts of the city of Boston, and were not irrevocably dedicated to a public use. It has been decided by several adjudications that the lighting of streets as ordinarily undertaken by cities and towns in the absence of some compelling statute is not a public function but is partly at least for the protection of the private interests of the municipality. *Dickinson* v. *Boston*, 188 Mass. 595, 598. *Sullivan* v. *Holyoke*, 135 Mass. 273. *Haley* v. *Boston*, 191 Mass. 291, 293. *Bolster* v. *Lawrence*, 225 Mass. 387, 390. Therefore, the rule of exoneration from taxation of property devoted to a strictly public use illustrated by *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, has no relevancy to the present facts.

But the defendant, being a foreign corporation, contends that it is protected from a personal action against it for taxes by the provisions of the Fourteenth Amendment to the Federal Constitution on the ground that the establishment of personal liability would be the taking of its property without due process of law.

No contention is made that the tax is not just in amount (provided the defendant is subject to taxation), or that all formalities of the law as to assessment have not been observed.

The maintenance of a personal action for the collection of the tax in the name of the collector of taxes against the defendant as the person assessed is authorized by the express terms of St. 1909, c. 490, Part II, §§ 33, 34. That has been a part of our law for more than a century. *Rogers* v. *Gookin*, 198 Mass. 434. *Harrington* v. *Glidden*, 179 Mass. 486, 494. That must have been the law when the defendant was admitted to do business in Massachusetts. In the contract signed by the defendant with the city of Boston occurs this: "The full names and residences of all the persons interested in this contract as principals are as follows: Rising Sun Street Lighting Company, Boston, Mass., Peter J. Fitzgerald, President and General Manager, Robt. J. Gove, Treasurer. . . . The corporation is of the State of Maine." The defendant maintained an office in the city of Boston as well as its workshop and storehouse, and conducted its business there.

It may be presumed that it had complied with the provisions of our statutes, both as to the appointment of agents for the service of process and otherwise, so that it was authorized to do business here. *Doherty* v. *Ayer*, 197 Mass. 241, 248. *Cincinnati, New Orleans & Texas Pacific Railway* v. *Rankin*, 241 U. S. 319, 327. No question is made as to the sufficiency of the service in the case at bar. Manifestly the defendant was transacting a purely local and domestic business of considerable magnitude. It was in no sense an interstate business, but was wholly intrastate in its nature.

It is a fundamental principle governing the respective rights of the several States of the Union and of foreign corporations organized under the laws of other States to do intrastate business that the States have the absolute power wholly to exclude such corporations or to grant to them the power to transact local business within their borders upon. such terms and conditions as may be specified. In *Paul* v. *Virginia*, 8 Wall. 168, at page 181, it was said respecting corporations, "Having no absolute right of recognition in other States, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those States may think proper to impose. They may exclude the foreign corporation entirely. . . . The whole matter rests in their discretion." These words were quoted with approval in *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305, at page 314, with this comment: "This doctrine has been so frequently declared by this court that it must be deemed no longer a matter of discussion, if any question can ever be considered at rest." But it further was said (page 315): "Having the absolute power of excluding the foreign corporation the State may, of course, impose such conditions upon permitting the corporation to do business within its limits as it may judge expedient." This is the doctrine of the latest cases. *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322, 343. *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68, and cases cited at page 83. "The only limitation upon this power of the State to exclude a foreign corporation from doing business within its limits, or hiring offices for that purpose, or to exact conditions for allowing the corporation to do business or hire offices there, arises where the corporation is in the employ of the federal government, or where its business is strictly commerce,

interstate or foreign." *McCall* v. *California*, 136 U. S. 104, 112. Doubtless there are other limitations such as that the foreign corporations may not be prohibited from resort to the federal courts in proper instances, nor required to part with their property without due process of law, nor submit to the impairment of their contracts nor submit as between themselves to unequal laws. But what may be the further limitations need not be examined, because they are not germane to the question here at issue.

There is nothing inherently vicious in the collection of a valid property tax by a personal action at law. That has been settled by a long line of our own decisions. *Boston* v. *Turner*, 201 Mass. 190, and cases cited. *Glidden* v. *Harrington*, 189 U. S. 255. When the defendant came into this Commonwealth to transact a local or intrastate business, it assented to be bound by our laws respecting it. One of those laws was that under which this action is brought. Having accepted the benefits of our markets opened to it on that among other conditions, it cannot now complain. It has submitted itself to the jurisdiction of our laws as to taxation, and is bound by them, so far as they are valid.

The authorities upon which the defendant relies do not seem to us applicable to the facts here disclosed. *Dewey* v. *Des Moines*, 173 U. S. 193, held invalid a State law imposing upon a non-resident landowner personal liability for an assessment levied on his land for a local improvement. This decision was explained in *Bristol* v. *Washington County*, 177 U. S. 133, at page 146, to mean "that a citizen of one State cannot be cast in a personal judgment in another State on an assessment levied there on real estate for a local improvement, without service on him, or voluntary appearance, or some action on his part amounting to consent to the jurisdiction." It was held in this case that a tax assessed on the personal property of a non-resident might be proved as a claim against her estate after her death, and that the sole remedy was not against the property taxed. That decision seems to us an authority supporting the conclusion here reached. The defendant relies also upon *New York* v. *McLean*, 170 N. Y. 374. But that was not an assessment upon property employed in business by a non-resident owner, but upon stock held in a national bank by a non-resident owner.

*Judgment affirmed.*