### UNITED STATES v. 1,250 CASES OF INTOXICATING LIQUORS.
### THE HENRY L. MARSHALL.

(Circuit Court of Appeals, Second Circuit.   June 19, 1923.)

Nos. 241–243.

1. **Customs duties** ⊙⇒125—**Regulations respecting manifesting and unloading apply to intoxicating liquors; "merchandise."**

Notwithstanding Rev. St. § 2766 (Comp. St. § 5462), defining "merchandise," as used in that title, as including goods, wares, and chattels capable of being imported, intoxicating liquor designed for beverage purposes, and hence incapable of lawful importation, must be manifested, and regulations respecting unloading of merchandise may be violated in respect thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

2. **Customs duties** ⊙⇒125—**Statutes respecting manifests and unloading held applicable to vessel sending liquor to shore by small boats.**

Where intoxicating liquor was sent on shore from vessel engaged in peddling it along the coast by small boats, not part of the vessel's equipment, the act of unloading continued until the liquor was landed, and Rev. St. §§ 2806–2809 (Comp. St. §§ 5503–5506), relative to manifests, sections 2872–2874 (Comp. St. §§ 5563–5565), prohibiting unloading at night without special license, section 2867 (Comp. St. § 5555), requiring permit for unloading, section 2814 (Comp. St. § 5511), requiring production of manifest on demand, and sections 2774, 2775 (Comp. St. §§ 5470, 5471), requiring vessel to report arrival to customs officer, were applicable.

3. **Customs duties** ⊙⇒130—**Cargo of vessel engaged in violating Prohibition Act held subject to forfeiture.**

Where vessel engaged in peddling liquor along the coast, in violation of the National Prohibition Act, attempted to introduce all of its cargo, and actually introduced a part thereof, into the United States by means of small boats, its cargo was subject to forfeiture, under Tariff Act 1913, § 3, par. H (Comp. St. § 5526).

4. **Customs duties** ⊙⇒23—**Liquor unlawfully imported may be taxed.**

The government may tax liquor unlawfully brought into the country, as it does liquor lawfully produced or imported.

Appeals from the District Court of the United States for the Southern District of New York.

Libel in admiralty by the United States against 1,250 cases of intoxicating liquors, claimed by Charles H. Hyde, as agent for Algional H. Rae, and two libels by the United States against the gas screw schooner Henry L. Marshall, her engines, etc., claimed by Charles H. Hyde, as agent for Charles Eugene Albury. From final decree in favor of the United States (286 Fed. 260), claimant appeals. Affirmed.

Certiorari denied 263 U. S. ——, 44 Sup. Ct. 38, 68 L. Ed. ——.

Appeals from final decree in admiralty entered in the District Court for the Southern District of New York. The Marshall is a small vessel, formerly used as a fishing schooner, which in the summer of 1921 was sailing under British registry. In July of that year she obtained clearance from West End, Bahama Islands, actually laden with a cargo of assorted liquors of an intoxicating nature, mostly whisky. She was given two clearances, both dated the same day, signed by the same collector of revenue, one of which stated that she had cleared for Halifax with the cargo above described, and the other that she had cleared for Gloucester, Mass., in ballast. The same collector furnished two bills of health similarly differing as to destination.

It was abundantly proven that the real object and only business of the Marshall was to peddle liquor along the coast of the United States. Particularly did she pursue her vocation while lying some nine or ten miles off Atlantic City, and there sent liquor on shore, pursuant to previous arrangement made in the United States, by motorboats. These small craft did not, so far as shown, belong to the Marshall or her owner; they were certainly no part of the schooner's equipment. The Coast Guard vessel in the neighborhood, having learned of this business, boarded the Marshall more than three miles from the New Jersey coast, found that she had no manifest, and had still on board the liquor seized under one of the libels at bar. The Marshall was thereupon taken in custody, towed into New York harbor, and there proceeded against ut supra.

The libel for forfeiture of cargo is based on (1) violation of paragraph H, § 3, of the Act of October 3, 1913 (Comp. St. § 5526), conjointly with the National Prohibition Act (41 Stat. 305); and (2) violation of sections 2806–2809 of the Revised Statutes (Comp. St. §§ 5503–5506). Forfeiture of the schooner is demanded in the second libel becouse of violation of Rev. St. §§ 2872–2874 (Comp. St. §§ 5563–5565), within the limits of divers enumerated ports or subports along the Atlantic coast. The penalties sought to be assessed against the schooner in the third libel rest upon alleged violation at divers times and places of Rev. St. §§ 2867, 2814, 2809, 2774, and 2775 (Comp. St. §§ 5555, 5511, 5506, 5470, 5471); procedure by libel being justified by Rev. St. § 3088 (Comp. St. § 5792).

The evidence overwhelmingly proved the summary statement above made. The District Court gave decrees for libelant under all three libels; it did not accept all the causes of action, but the rejection of those not accepted has not been made the subject of appeal. From the decrees entered claimant took these appeals.

Charles H. Hyde and Robert H. Elder, both of New York City, for appellant.

William Hayward, U. S. Atty., and John Holley Clark, Jr., and Francis A. McGurk, Asst. U. S. Attys., all of New York City.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The assignments of error in these three cases merely assert that the results reached below were wrong. Each libel sets forth several causes of action; but with respect to all but the "penalty libel" the result would be the same, if any one of the causes of action be sustained. In the penalty case, decree is for the aggregate of penalties said to have been incurred at divers times and places; but every penalty allowed rests

on some section of title 34, Rev. Stat. It follows that the decrees below are to be judged by our view of the applicability of two decisions, viz. United States v. Sischo, 43 Sup. Ct. 511, 67 L. Ed. —— (May 7, 1923), and The Grace and Ruby (D. C.) 283 Fed. 475.

[1] The point mooted in the Sischo Case so plainly affected these appeals that we delayed decision in order to be guided by the ruling of the Supreme Court. It is now authoritatively held that the language of Rev. St. § 2766 (Comp. St. § 5462), does not mean that merchandise which cannot be lawfully imported is beyond the meaning of the several statutes contained in Rev. St. tit. 34. As applied to these cases, the Sischo decision teaches that intoxicating liquor designed for beverage purposes, and therefore incapable of lawful importation, must nevertheless be manifested as if it were lawful, and, further, that all the regulations regarding the unloading of merchandise generally may be violated in respect of intoxicating liquor which could never be lawfully unladen. This ruling disposes of most of the causes of action at bar.

[2] We are entirely in accord with the decision in The Grace and Ruby, supra. The difference between the facts there presented and those at bar is that, instead of arranging to unload and deliver the cargo of the schooner by, through, or with some assistance from the schooner's crew or equipment (as in the case cited), the whole matter was performed by previous arrangement with those controlling the Marshall, but with small boats that did not belong to the schooner, and were not even partially manned by men from her crew.

But it is just as true in this case, as it was in that of The Grace and Ruby, that "the act of unlading, although beginning beyond the three-mile limit, continued until the liquor was landed." 283 Fed. 476. It follows that the Marshall's whisky cargo was never manifested (Rev. St. §§ 2806–2809); it was not unladen "between the rising and the setting of the sun," and no "special license" was ever obtained for unloading at night (Rev. St. §§ 2872–2874); there was an unloading without permit (Rev. St. § 2867), and a failure to produce manifest when demanded within "four leagues" of the coast (Rev. St. § 2814); also a failure to report arrival on putting into a small harbor on the Long Island coast, or to make report of the distilled spirits on board (Rev. St. §§ 2774, 2775).

[3, 4] There is but one point necessary to decision, and not specifically covered by the two cases cited, viz. whether paragraph H, § 3, of the Tariff Act of 1913, is applicable to the first or "cargo" libel. As found below, there was an attempt to introduce all the Marshall's cargo, and an actual introduction of a part thereof into the commerce of the United States; also such attempt and introduction was by means of fraudulent practices; i. e., evasion of the provisions of the National Prohibition Act.

Further, there were willful acts (i. e., "rum-running") by means whereof the United States was deprived of duties upon the merchandise (i. e., whisky) affected by said acts. The government may, and in instances like this does, tax unlawful liquor as it did lawful product or importation. United States v. Yuginovich, 256 U. S. 450, 41 Sup. Ct. 551, 65 L. Ed. 1043. We agree with the court below in granting forfeiture of cargo under the section cited of the Tariff Act of 1913.

Decrees affirmed.