BAIDZAR H. JANEVESIAN vs. EDWARD ESA.

Suffolk.    January 13, 1931. — January 15, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil*, Amendment.  *Evidence*, Presumptions and burden of
proof.

Where an action by a woman for breach of a promise by the defendant
to marry her was tried upon a declaration in which the plaintiff al-
leged merely the mutual promises to marry by the parties and the
defendant's refusal to perform the contract, but evidence was ad-
mitted to show that the defendant had criminal conversation with
the plaintiff after the making of such promises, and there was a find-
ing for the plaintiff in a substantial amount, no error appeared in the
allowance of a motion, filed by the plaintiff after the finding but
before the entry of judgment, to amend the declaration by adding
allegations that the defendant seduced the plaintiff, the trial judge
having given the defendant an opportunity to introduce further evi-
dence on the issue of seduction.

The burden of proof, resting upon the plaintiff under the amended declara-
tion in the action above described, was sustained although there was
no evidence on the issue, whether the plaintiff had been of chaste life
previous to the criminal conversation by the defendant with her:
there was, in such circumstances, a presumption of chastity in favor
of the plaintiff.

CONTRACT.    Writ dated April 20, 1927.

The action was heard in the Superior Court by *Whit-
ing*, J., without a jury.  He found for the plaintiff in the
sum of $5,118.33.  Proceedings with reference to a subse-
quent motion by the plaintiff to amend the declaration
are described in the opinion.  The defendant alleged an
exception to its allowance.

The case was submitted on briefs.

*J. J. Hartigan & C. G. Keene*, for the defendant.

*W. A. Fotch*, for the plaintiff.

RUGG, C.J.  This is an action to recover for breach of
contract to marry.  The case was tried before a judge
without a jury upon a declaration alleging simply mutual
promises between the parties and refusal to perform by

the defendant. The bill of exceptions shows that on all the evidence it could have been found that the mutual promises were made as alleged and that thereafter the defendant had criminal conversation with the plaintiff. Both parties were unmarried at the time of the events here in issue. So far as disclosed no exceptions were taken at the trial. On March 24, 1930, a finding was made for the plaintiff and damages were assessed in a substantial sum. On March 29, 1930, the plaintiff filed a motion to amend her declaration, setting out, in substance, the mutual promises, seduction of the plaintiff by the defendant and breach of the contract on his part. Upon the back of this motion the trial judge indorsed that after "hearing and giving the defendant an opportunity to introduce further evidence on the question whether this plaintiff was seduced by the defendant, and the defendant stating that he did not care to introduce further evidence, the motion is allowed." The single exception is to the allowance of this motion to amend the declaration.

There is nothing on this record to show that the defendant was harmed by the allowance of the amendment. The case had been tried, the evidence closed and the damages assessed before the motion to amend the declaration was presented. No evidence was heard after the allowance of the amendment and no change made in the assessment of damages. The defendant fails to disclose by his exception any error. *Posell* v. *Herscovitz,* 237 Mass. 513, 516.

Even if it be assumed, however, that there was exception to the introduction of evidence of seduction at the trial, that damages were assessed on the basis of that evidence, that the amendment to the declaration was allowed in order to make the allegations conform to the proof and that such amendment was necessary as matter of law to the validity of the trial, no error is disclosed. It is too plain for discussion that it was within the discretionary power of the court to allow an amendment after trial and before judgment in order to make the pleadings conform to the case actually tried. G. L. c. 231,

§ 51.  *Pizer* v. *Hunt*, 253 Mass. 321, 331.  *Cutter* v. *Arlington Construction Co.* 268 Mass. 88, 92.

The point argued by the parties is whether, since the plaintiff offered no direct affirmative evidence to the effect that before the criminal conversation on the part of the defendant with her she was of chaste life, the burden resting on her under the amended declaration was sustained.  It has been decided repeatedly that every presumption both of law and of fact is in favor of innocence and legality in the absence of evidence to the contrary.  *Doherty* v. *Ayer*, 197 Mass. 241, 248.  *Collector of Taxes of Boston* v. *Rising Sun Street Lighting Co.* 229 Mass. 494, 497.  *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50, and cases cited.  *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 152.  *Jubilee Yacht Club* v. *Gulf Refining Co.* 245 Mass. 60, 62.  *Adams* v. *Whitmore*, 245 Mass. 65, 68.  The presumption of innocence exists in civil cases and is often invoked to sustain the burden of proof in the absence of conflicting evidence.  *Turner* v. *Williams*, 202 Mass. 500, 504, 505.  The presumption of chastity falls within this general rule.  Although this has not been expressly decided in our cases, there are decisions in other jurisdictions direct and decisive on this point.  *People* v. *Brewer*, 27 Mich. 134.  *O'Dell* v. *Goff*, 153 Mich. 643, 649.  *Robinson* v. *Powers*, 129 Ind. 480.  There is nothing in conflict with this result in *Commonwealth* v. *Whittaker*, 131 Mass. 224.  That was an indictment depending upon specific words of a statute.

It is unnecessary to recite the evidence disclosed on the record.  It was ample to support a finding of seduction.

*Exceptions overruled.*